## Siglin's Estate.

## United States Veterans' Bureau's Appeal.

Argued May 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John M. Dervin,* for appellant.

*Miller Alanson Johnson,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, May 26, 1932:

In 1917 Charles E. Siglin enlisted in the Army of the United States, for service in the World War. He was discharged therefrom one year later. On January 13, 1919, when he was twenty years old, he was duly adjudged to be a lunatic, and Charles F. Roth, appellee herein, was appointed committee of his estate. Because the lunatic was a veteran of the World War, there were regular payments made to the committee, for the account of the lunatic, by the United States Veterans' Bureau. On January 19, 1929, the committee asked to be discharged, and that a new committee be appointed. So far as appears, no notice of this application was given to the United States Veterans' Bureau. The court below granted the prayer of the petition and appointed the discharged committee's principal creditor as the new committee.

On June 16, 1929, the court below, on motion of C. F. Roth, the discharged committee, without his having filed

an account, and without requiring compliance with the Act of April 24, 1929, P. L. 647, hereinafter quoted, appointed an "auditor to pass upon the claim of the said C. F. Roth for the support and maintenance of Charles E. Siglin, a lunatic." This proceeding was in direct violation of section 41 of the Act of June 13, 1836, P. L. 589, 601, which provides that "every [such] committee...... shall, on the determination of his trust,.....settle..... a full and complete account of his management of the property under his care, including all the items embraced in every preceding settlement." If appellee had done this, it would have been the duty of the court, either personally or with the aid of an auditor appointed by it, to audit, settle and adjust that account, make such surcharges and direct such payments as were proper, and award the balance to the new committee.

Before this could legally have been done, however, it would have been the duty of the court or auditor to see that the Act of April 24, 1929, P. L. 647, already referred to, had been complied with. Section 1 thereof provides "That in any action brought under any law of this Commonwealth for the appointment of a committee or guardian for a veteran of any war, or a minor child, or incompetent dependent of a veteran of any war, on whose account benefits of compensation or insurance or other gratuity is payable by the United States Veterans' Bureau, or its successor, or upon the filing of any petition or account by any such committee or guardian of any such person, notice of such action, or the filing of such petition or account, and of the hearing thereon, shall be mailed to the attorney of the United States Veterans' Bureau office having jurisdiction over such person. In all such cases, the United States Veterans' Bureau, or its successor, shall be a party in interest, and a certified copy of each account filed in the court shall be supplied the said bureau by the committee or guardian." The requirements of this statute were not complied with in any of the proceedings in the estate of this lunatic. The only

notice of the appointment of the auditor, and the proceedings to be had before him, was his advertisement thereof in two newspapers of general circulation in the county, and his posting a notice in the prothonotary's office.

At the hearing before the auditor, which was attended by the discharged committee and his witnesses, and by counsel for him and for the new committee, but not by any one representing the United States Veterans' Bureau, the discharged committee filed a partial account of his administration of the estate, showing a balance in his hands of $11,158.98. He then presented a claim for $11,117.27 against the estate, which, with the costs of the audit, would exhaust all of that balance. The greater part of this claim consisted of a charge of $10 per week, not only for the period following the appointment of the committee, but also for nearly all of the preceding twenty years of Charles E. Siglin's life, during almost all of which he was unquestionably competent. So far as the present record discloses, the great body of this claim was not allowable, yet when counsel for the new committee was asked: "Do you, as counsel for the [new committee], object to this claim?" he answered, "No, sir. We offer no objections, but we feel that the claim should be reasonable."

The auditor allowed the entire claim, probably because no one objected to it. He gave notice of his intention to file his report to those who appeared before him, but to no one else, and it was confirmed absolutely, sec. reg., because no exceptions had been filed. Some time later, however, counsel for the United States Veterans' Bureau learned of what had been done, and presented a petition to the court below praying that "the confirmation of the auditor's report......be set aside and it referred back" for a further hearing. A rule to show cause was granted which was afterwards discharged, because the only purpose of reference to the auditor was that the discharged committee's claim against the estate should

be considered; that is, because the auditor had limited his inquiry to that which the court below had erroneously directed, it must sustain him for doing it. This may excuse the auditor, but it does not justify any of the errors of the court. The United States Veterans' Bureau then took the present appeal, and we need add only that the beneficent provisions of the Act of 1929 cannot be defeated in this or any other way.

The order of the court below is reversed, the appointment of the new committee of the estate of Charles E. Siglin, a lunatic, and all proceedings subsequent thereto, are set aside; the appellee, Charles F. Roth, is directed to file, within such a reasonable time as the court below shall allow, a full and complete account of his management of the property of the lunatic, including all the items embraced in any preceding settlement, and thereafter such further proceedings shall be had as are according to law and not inconsistent with this opinion.