## Siglin's Estate

*Miller Alanson Johnson,* for claimant.

*John M. Dervin,* for United States Veterans' Bureau, contra.

LESHER, P. J., September 2, 1933.—Charles E. Siglin served in the United States Army in the World War for a period of a year. After his return from service in the army, he was duly adjudged a lunatic by the Court of Common Pleas of Union County. His uncle, Charles F. Roth, was appointed committee of his estate on February 8, 1919, and acted as such until January 19, 1929, when he was discharged by the court, and Lewisburg Trust & Safe Deposit Company, of Lewisburg, Penna., was substituted in his place.

Charles F. Roth, as committee, filed several accounts in this court, which discharged him and appointed an auditor to pass upon his claim for the support and maintenance of his ward.

The auditor filed his report and the Veterans' Bureau took an appeal from the entire proceedings. The Supreme Court of Pennsylvania set aside all the

accounts filed by Roth, and the appointment of Lewisburg Trust & Safe Deposit Company, the new committee of the lunatic's estate, and directed Roth to file a final account: Siglin's Estate, 307 Pa. 540. The Supreme Court made the following order:

"The order of the court below is reversed, the appointment of the new committee of the estate of Charles E. Siglin, a lunatic, and all proceedings subsequent thereto, are set aside; the appellee, Charles F. Roth, is directed to file, within such a reasonable time as the court below shall allow, a full and complete account of his management of the property of the lunatic, including all the items embraced in any preceding settlement, and thereafter such further proceedings shall be had as are according to law and not inconsistent with this opinion."

The attorney for Roth presented a motion to this court for the appointment of an auditor to pass upon his client's claim for support and maintenance of his ward. At the time this motion was presented, the court inquired of counsel whether or not Mr. Roth had filed his account as committee, to which counsel replied that he had, and that notice of the presentation of the motion for appointment of an auditor had been given the attorney for the Veterans' Bureau, who had agreed thereto. All the former proceedings had been before a predecessor to the present incumbent on the bench.

The court had in mind the order of the Supreme Court, and felt that no auditor should be appointed until a final account had been filed by Mr. Roth in compliance with that decree.

Andrew A. Leiser, Esq., was appointed auditor, and filed his report, to which exceptions were taken; and the matter is now before the court for disposition. When the court came to dispose of the matter and secured the papers, it was very much surprised to find that Mr. Roth had not filed a final account in accordance with the order of the Supreme Court. I might also state that the attorney for the Veterans' Bureau likewise failed to call the court's attention to the fact that no final account had been filed.

The court is of the opinion that this order of the Supreme Court should have been complied with before any other proceedings were instituted or had in this matter, and would have so ordered had it understood that this had not been done. The court now directs that Charles F. Roth file a final account as committee of the said Charles E. Siglin in accordance with the said order of the Supreme Court of Pennsylvania.

As we have stated heretofore, the court would not have appointed an auditor at that time, that is, before Roth filed his final account, had it understood that he had not done so.

However, since the question of the amount that Roth is entitled to receive for the support and maintenance of his ward has been in controversy over a period of several years, the court will consider the auditor's report and pass upon the amount it feels Mr. Roth is entitled to receive, and for which he shall claim credit in his final account for maintenance and support of his said ward, so that this controversy may be at an end.

Because the lunatic was a veteran of the World War, regular payments were made to his committee for the account of the lunatic, by the United States Veterans' Bureau, amounting to $157.50 per month, $57.50 from the war risk insurance, and $100 from the United States Veterans' Bureau.

Part of the time, this lunatic was in the State Hospital for the Insane at Danville, Penna., part of the time he was in the Veterans' Hospital at Perry Point, Md., and part of the time he was furnished board and maintenance at the home of his committee, Charles F. Roth, in Lewisburg, Penna. The lunatic's

father died when he was a small child, and he was practically raised in the home of his uncle, Charles F. Roth. The auditor, in his report, finds that a reasonable sum for support and maintenance which should be allowed Roth is $65 per month. For this the lunatic received a room, board, laundry, care, and attention.

The auditor also found that Roth had furnished support and maintenance for his ward for a period of 70 months at the rate of $65 per month, and made an award of $4,550. He also made two other allowances, one for $140 for payment for medical attention, for which credit had not been taken, and the other for cash and other expenditures of $419.40, for which no credit was taken.

The Veterans' Bureau, by its attorney, John M. Dervin, filed 13 exceptions to the auditor's report, which we will take up in the order in which they appear.

The first exception is to the effect that the appointment of the auditor was irregular. This exception, the court feels, is without merit. The powers of the court to appoint auditors are very broad, and the power of selection is a judicial act.

Auditors are called in by the court to hear matters of detail and to inform the conscience of the court of facts which it must know before a decree or judgment can be pronounced: Miller's Appeals, 30 Pa. 478, 490. This exception also fails to specify or apprise the court wherein the appointment is illegal. This exception must be dismissed. I might also add that counsel for the Veterans' Bureau, at the time of the audit, agreed that the matter should proceed before the auditor.

The second exception is to the effect that the auditor's charge of $550 is not chargeable to the estate. The question of the amount which the committee can charge has been in controversy and has been in dispute by the Veterans' Bureau for several years, and the court feels that the matter should be judicially determined, and the question put at rest. The court feels that this item is legally chargeable against the estate of the lunatic, and this exception is likewise dismissed.

The third exception is to the effect that the fee of the auditor is excessive. As to this exception, the court is without information as to just how much time the auditor may have spent on his report. If the exceptant felt that the auditor's fee was excessive, it was his duty to inform the court to what extent it was excessive, and also the amount of work the auditor performed in this matter, so that the court could arrive at a conclusion as to whether or not the charge was excessive. However, the court being without such information, excepting the bald statement in the exception that it was excessive, this exception must be dismissed.

The fourth exception is without merit and must be dismissed, for the reason that it fails to point out or set forth wherein the findings of the auditor from the testimony are improper.

The fifth exception is to the effect that the auditor erred in allowing Charles F. Roth to testify. He was the committee or guardian of Charles E. Siglin. The court knows of no law which precludes a committee or guardian from testifying in a proceeding of this character, and counsel for the Veterans' Bureau failed to call attention to any such law. This exception is dismissed.

The sixth exception is to the effect that the auditor erred in not striking out the testimony of all the other witnesses on the ground that the testimony was irrelevant, immaterial, and hearsay. This exception must be dismissed, for the reason that the court feels that the auditor, in his report, excluded all irrelevant, immaterial, and hearsay testimony, and that the testimony which he considered was relevant and material.

The seventh exception is to the effect that the auditor erred in finding that the statute of limitations did not apply to a portion of the claim for expenditures made more than 6 years prior to the date of filing of the petition. This is not an action at law on a contract or otherwise brought against the estate of the lunatic, but amounts to the judicial determination of certain credits to which the committee is entitled for money expended for the lunatic, out of his estate, and for services which he rendered for his ward. The fact that he has not filed an account in which he claims credit for these amounts for a period of over 6 years does not preclude him from claiming these credits, although the period of 6 years has elapsed, from the time the first credits were claimed, for, as we have heretofore stated, this is not a matter in which the statute of limitations applies. This exception must be dismissed.

The eighth exception is to the effect that the auditor erred in refusing to find that, under section 19 of the World War Veterans' Act, claims against the estate prior to the appointment of a committee are barred. This may be a correct statement as a proposition of law, but the court does not understand that the auditor allowed any claims against the estate prior to the appointment of the committee. This exception is dismissed.

The ninth exception is to the effect that the auditor erred in refusing to find that Roth's claim must be based on a contract. Siglin was not a member, by birth or adoption, of Roth's family. He was a ward of Mr. Roth, and also a ward of the court, and it was the former's duty, as his committee, to see that he was provided, within the means of his ward, with the necessities and luxuries of life. The court and the Federal Government should encourage committees of veterans to give them devoted personal attention, and to expend whatever sums are necessary to bring the unfortunate persons all the comforts of life which they may reasonably enjoy. Mr. Roth could not make a contract with himself, and, even had he allowed other persons to furnish these comforts and necessities for his ward without a contract, they would be entitled to recover a reasonable compensation for their services. The veteran in this case was given these necessities, comforts, care, and luxuries, in Roth's home and Roth is entitled to such amount as would be reasonable pay for the character of services which he gave his ward, commensurate with the latter's estate. This exception is dismissed.

The tenth exception is to the effect that the auditor erred in refusing to find that the services rendered by the family of the ward while an infant are presumed to be rendered gratuitously. This exception is not a correct statement of the facts. The auditor has not allowed any compensation to the committee for services rendered Siglin during his infancy, and, in addition to that, Siglin is not a member of the family of Mr. Roth. This exception is dismissed.

The eleventh exception is to the effect that the auditor erred in refusing to find that credit has already been allowed for all items set forth in the petition, up to and including the date of October 19, 1926. The Supreme Court, in its opinion hereinbefore referred to, set aside all former accounts of the committee, and directed him to file a new account. The court takes it that in his new account, which the court will direct him to file in accordance with the order of the Supreme Court, he must include all credits for which he claims he is entitled during the entire period of his guardianship. This exception is dismissed.

The twelfth exception is to the effect that the auditor erred in allowing the sum of $65 per month for board and lodging for Charles E. Siglin for such period of time as it is admitted board and lodging were due the petitioner. As we have heretofore stated, it is the duty of the committee to see that his ward

receives such necessities and luxuries as the estate of the ward warrants, and it is also the duty of the court to see that the persons furnishing the necessities and luxuries, care and attention, shall be paid a reasonable sum or amount for their services.

Siglin had been adjudged a lunatic and weak-minded person. He was taken into the home of Roth, his uncle, and practically reared by him from childhood. He was given board, room, laundry, and the personal care and attention of Roth and his wife. The court has personal knowledge that the ward appears to be contented and well taken care of, having come in contact with and seen the lunatic almost weekly, and sometimes daily. He would not be a particularly pleasant person to have in the family, and the court feels that, considering the character and nature of the services, and also taking into consideration his mental condition and the fact that the estate of the ward received the sum of $157.50 per month, the sum of $65 per month is a reasonable allowance to Roth for the board, room, laundry services, care, attention, etc., furnished, and that the same services could not be secured elsewhere for that amount.

In re Application of Citizens Trust Company of Utica, N. Y., 134 Misc. 683, 236 N. Y. Supp. 343, the court said: "These pensions should not be garnered for ungrateful relatives. They are to be spent upon the veteran for his enjoyment. The Federal government should encourage committees of veterans to give them devoted personal attention, and to expend whatever sum is necessary to bring to these unhappy men all of the comforts of life, which they might reasonably enjoy, and in cases where the committee or guardian is diligent in giving the incompetent veteran personal attention, the government should not be niggardly when it comes to compensating them therefor", and the court feels that this has been done in this particular case, that the care and attention rendered amply warrants the payment of $65 per month. This exception must therefore be dismissed.

The thirteenth exception is to the effect that the auditor erred in allowing certain charges against the estate which are a part of the costs of the audit. The costs of audit, as hereinbefore decided, are proper charges against this estate. This exception, therefore, is dismissed.

The court is therefore of the opinion that $65 per month shall be paid to Roth for services rendered his ward during the time that he acted as his said committee, and, in the filing of the said account, Roth shall be allowed to claim credit for that amount for the time he actually rendered these services during the period that he had Siglin in his home. To that extent, the auditor's report is sustained.

The auditor also found several other amounts to which the committee is entitled to a credit, for which he has not claimed credit in his account. They appear to be proper credits, but the court suggests that he claim these credits in his account when he files the same.

And now, September 2, 1933, Charles F. Roth, committee of Charles E. Siglin, a lunatic, is directed, within 60 days from the filing of this opinion, to file a full and complete account of his management of the property and estate of the lunatic, in accordance with the order and decree of the Supreme Court of Pennsylvania, entered May 26, 1932, and reported as Siglin's Estate, 307 Pa. 540. And the sum of $65 per month is allowed Charles F. Roth, committee of said Charles E. Siglin, for such time as he furnished him board, lodging, room, laundry, care and nursing, and attention, etc., in his own home, during the period of time that he, the said Charles F. Roth, served as committee for said Charles E. Siglin, a lunatic, and he shall claim credits in his said account on that basis, for the time or times which he furnished same for his said ward,

110

the said account to specifically set forth the dates and periods during which same was furnished.

An exception is allowed the United States Veterans' Administration, and a bill is sealed. From Miller Alanson Johnson. Lewisburg, Penna.